UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNADETTE PREDDY,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVIDSON HOTEL COMPANY LLC,<br><br>    Defendant. | Case No. 18-cv-07730-DMR<br><br>**ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 23 |

Plaintiff Bernadette Preddy filed a complaint against her former employer, Davidson Hotel Company LLC ("Davidson") alleging state law discrimination and retaliation claims and a claim for wrongful termination in violation of public policy. Davidson now moves for judgment on the pleadings. [Docket No. 23.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

## I.  BACKGROUND

The following allegations are taken from Preddy's complaint. Preddy began working as a front desk clerk at a Radisson Hotel in San Francisco in 1988. Compl. ¶ 9. In late 2014, Davidson bought the hotel and renovated it, "transforming it into the youthful and hip 'Hotel Zephyr.'" *Id*. at ¶ 10. The Hotel Zephyr opened in May or June 2015. Preddy alleges that the "hotel's brand and target market was clear—hip, playful, and young." *Id*.

At the time Davidson took over ownership of the hotel, Preddy was 60 years old. *Id*. at ¶ 11. During the renovation, Preddy took disability leave for approximately one year for shoulder surgery. When she returned to work in April 2016, she was the only person over the age of 40 working at the hotel's front desk and was 25 years older than the next-oldest employee. *Id*. at ¶¶ 12, 15. Coworkers made negative comments about her age and hotel management "relentlessly criticized and disciplined [Preddy] regarding her performance," even though she had never been

written up or disciplined during the 28 years she had worked at the Radisson Hotel. *Id*. at ¶ 15.

In April 2017, management issued Preddy a "Final Warning" accusing her of "performance issues." *Id*. She received a suspension and Davidson eventually terminated her in May 2017, replacing her with a younger and less experienced front desk clerk. *Id*. at ¶¶ 16, 17. Preddy alleges that the reasons for her termination were "false and pretextual . . . because of her age and in retaliation for taking medical leave" under the California Family Rights Act and the Fair Employment and Housing Act. *Id*. at ¶ 18.

Preddy filed this lawsuit in state court in November 2018, bringing six claims for relief: 1) age discrimination under the Fair Employment and Housing Act ("FEHA"), California Government Code section 12940 et seq.; 2) disability discrimination under FEHA; 3) retaliation under FEHA; 4) failure to prevent discrimination and retaliation based on disability under FEHA; 5) retaliation under the California Family Rights Act ("CFRA"), California Government Code section 12945.2; and 6) wrongful termination in violation of public policy. Davidson removed the case to this court on December 26, 2018 and now moves for judgment on the pleadings. It argues that it is entitled to judgment as a matter of law because Preddy's employment was governed by a collective bargaining agreement ("CBA") that establishes a mandatory grievance procedure governing disputes involving Preddy's termination, and Preddy failed to exhaust the grievance procedures set forth in the CBA. [Docket No. 23.]

## II. REQUEST FOR JUDICIAL NOTICE

Davidson asks the court to take judicial notice of the 2014 to 2018 CBA between Radisson Fisherman's Wharf and Teamsters Union Local No. 856 International Brotherhood of Teamsters (the "Union"), asserting that it governed the terms and conditions of Preddy's employment. [Docket No. 23-2 (Request for Judicial Notice) Ex. A (CBA).] As Preddy does not object to Davidson's request, the court takes judicial notice of the CBA. *See* Fed. R. Evid. 201(b) (court may judicially notice facts "not subject to reasonable dispute" where they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

## III. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for

judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings "challenges the legal sufficiency of the opposing party's pleadings." William Schwarzer et al, *Federal Civil Procedure Before Trial* ¶ 9:316 (2014). "Rule 12(c) is functionally identical to Rule 12(b)(6) and . . . the same standard of review applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Thus, a judgment on the pleadings is appropriate when the pleaded facts, accepted as true and viewed in the light most favorable to the non-moving party, entitle the moving party to a judgment as a matter of law. *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301 (9th Cir. 1992); *see also Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

## IV. DISCUSSION

Davidson argues that it is entitled to judgment because Preddy's claims are subject to the mandatory grievance procedure set forth in the CBA that governed her employment, and Preddy failed to exhaust that procedure prior to filing suit.

### A. Relevant Provisions of the CBA

Section 7 of the CBA prohibits discrimination by the Employer:

> There shall be no discrimination by the Employer against any employee on account of Union membership or for upholding Union principles. There shall be no discrimination because of race, color, creed, sex, age, religion, national origin, sexual orientation, physical or mental disability, as required by Local, State, and/or Federal Law, with disputes subject to the grievance procedure contained herein. Administration of this Section shall conform to applicable State and/or Federal laws.

CBA at 5.

The CBA sets forth a dispute resolution process. Section 12, entitled "Discipline," provides in relevant part that:

> [a]n employee may request an investigation of his discharge or suspension or any warning notice and the Union shall have the right to protest any such discharge, suspension or warning notice. Any such protest shall be presented to the Employer in writing within ten (10) days, exclusive of Saturdays, Sundays, and holidays, after the discharge, suspension or warning notice and if not presented within such period, the right to protest shall be waived. Upon the filing of a protest the matter shall be immediately referred to an adjustment board selected in the manner provided in Section 13 for the determination in accordance with the disputes procedure set forth

3

herein.

*Id*. at 8. Section 13, "Adjustment of Grievances," defines "grievance" as "[d]isputes arising between the employee or the union and the hotel regarding the interpretation and/or application of the specific terms of this Agreement, and/or disciplinary action, including discharge taken pursuant to alleged violation(s) of work rules or procedure and/or terms and conditions" of the CBA. *Id*. Subsections (B) and (C) of Section 13 set forth the deadlines by which an employee must file a grievance and attempt an informal resolution. *Id*. If a grievance is not resolved, the CBA provides that the Union "shall next take the matter up" with a designated "Employer Representative" within a certain period of time, and if the grievance remains unresolved, the Union may file a written grievance, resulting in referral to an adjustment board. If the adjustment board fails to settle or decide the dispute, "the matter may be referred to" binding arbitration by either the employer or the Union. *Id*. at 9 (Section 13(C)-(F)).

### B. Analysis

Davidson argues that Preddy's claims that her discharge was unlawful and discriminatory are subject to the CBA's dispute resolution procedures. Davidson cites Section 12, which provides that "[t]here shall be no discrimination because of . . . age . . . [or] physical or mental disability, as required by Local, State, and/or Federal Law, *with disputes subject to the grievance procedure contained herein*." CBA at 12 (emphasis added). Davidson notes that the complaint does not allege that Preddy initiated or exhausted the CBA's dispute resolution procedures, and argues that Preddy's claims therefore are barred as a matter of law for her failure to exhaust the collectively-bargained grievance procedure.

Preddy responds that under well-established law, an individual whose employment is governed by a CBA may pursue statutory discrimination claims in court absent a "clear and unmistakable" waiver of the right to do so. According to Preddy, the relevant CBA does not contain a clear and unmistakable waiver of those rights.

The issue of whether Preddy was required to exhaust remedies under the CBA is a question of law. *See Collins v. Lobdell*, 188 F.3d 1124, 1127 (9th Cir. 1999). In *Wright v. Universal Maritime Service Corp.*, 525 U.S. 70, 80 (1998), the Supreme Court held that "the right

to a federal judicial forum is of sufficient importance to be protected against less-than-explicit union waiver in a CBA." Therefore, any "union-negotiated waiver of employees' statutory right to a judicial forum for claims of employment discrimination" must be "clear and unmistakable." *Id*. In *Wright*, the plaintiff was covered by a CBA that purported to "cover all matters affecting wages, hours, and other terms and conditions of employment." *Id*. at 73. The CBA also provided that "no provision or part of this Agreement shall be violative of any Federal or State law" and set forth a grievance procedure for "[m]atters under dispute." *Id*. The plaintiff was also subject to a separate "Longshore Seniority Plan" which contained its own grievance provision applicable to "[a]ny dispute concerning or arising out of the terms and/or conditions of the" agreement. *Id*. The plaintiff filed a complaint in federal court alleging violations of the Americans with Disabilities Act of 1990 ("ADA") without first filing a grievance, and the district court dismissed the case without prejudice based on the plaintiff's failure to pursue the grievance procedure. *Id*. at 74-75.

The Court held that the CBA and the Longshore Seniority Plan did not clearly and unmistakably waive the plaintiff's "statutory right to a judicial forum" for his discrimination claims, as the arbitration clause in the CBA "providing for arbitration of '[m]atters under dispute'" was "very general . . . [and] could be understood to mean matters in dispute under the contract." *Id*. at 80. Further, "the remainder of the contract contain[ed] no explicit incorporation of statutory antidiscrimination requirements." *Id*. Similarly, the Longshore Seniority Plan contained no anti-discrimination clause and "specifically limit[ed] its grievance procedure to disputes related to the agreement." *Id*. at 81-82.

In *Powell v. Anheuser-Busch, Inc.*, 457 Fed. Appx. 679, 680 (9th Cir. 2011), the Ninth Circuit applied *Wright* and held "[w]e will not interpret a [collective bargaining agreement] to waive an individual employee's right to litigate statutory discrimination claims unless the CBA waiver 'explicit[ly] incorporat[es] . . . statutory antidiscrimination requirements." Even though the collective bargaining agreement at issue in *Powell* contained a provision "recogniz[ing]" the employer's duty to comply with FEHA, it did not "explicitly incorporate [the plaintiff's] disability discrimination claims" under FEHA. *Id*. *See also Salas v. Anheuser-Busch Sales of S. Bay, Inc.*, 650 Fed. Appx. 445, 446 (9th Cir. 2016) (holding collective bargaining agreement did not "clearly

5

and unmistakably" require plaintiff to arbitrate FEHA claims where it did not explicitly incorporate those claims).

Here, the CBA does not reference FEHA and/or CFRA, let alone "explicitly incorporate" Preddy's FEHA and CFRA claims or state that such statutory claims are subject to the grievance procedure. Instead, it provides that "[t]here shall be no discrimination because of . . . age . . . [or] physical or mental disability, as required by Local, State, and/or Federal Law, with disputes subject to the grievance procedure contained herein." CBA at 12. The court concludes that the CBA's reference to unspecified "Local, State, and/or Federal Law[s]" does not constitute a "clear and unmistakable" waiver of Preddy's right to seek relief in court under the provisions of FEHA and CFRA. *See Powell*, 457 Fed. Appx. at 680; *Salas* 650 Fed. Appx. at 446; *see also Hoko v. Transit Am. Servs.*, No. 14-CV-01327-LHK, 2014 WL 3963033, at *5-6 (N.D. Cal. Aug. 13, 2014) ("Because the CBA does not mention Title VII, the Court finds that the CBA does not waive Hoko's right to sue in court under Title VII.").[1]

In its reply, Davidson contends that Preddy "misunderstands" its argument, and that it does not argue that Preddy waived her right to a federal judicial forum. *See* Reply 4 ("Indeed, the CBA here—like the one in *Wright*—does not prospectively waive Plaintiff's right to a federal judicial forum.").[2] Instead, it asserts that Preddy was required to exhaust the grievance procedure in the CBA before filing suit. Reply 3. Davidson does not clearly articulate this position but appears to

---

[1] Numerous courts have similarly concluded that employees are not required to exhaust remedies specified in collective bargaining agreements where they pursue lawsuits under the federal Fair Labor Standards Act ("FLSA") and/or California Labor Code provisions, where the collective bargaining agreements do not "clearly and unmistakably" waive the right to sue in a judicial forum. *See Wawock v. CSI Elec. Contractors, Inc.*, 649 Fed. Appx. 556, 558 (9th Cir. 2016) ("The CBA does not provide that any statutory claim is arbitrable, nor later incorporate any of the statutes at issue. Making no reference to such claims necessarily falls short of an explicit statement concerning them."); *Martinez v. J. Fletcher Creamer & Son, Inc.*, No. CV 10-0968 PSG (FMOx), 2010 WL 3359372, at *4 (Aug. 13, 2010) (concluding that a collective bargaining agreement that "does not expressly reference any of the statutory provisions at issue" does not "constitute a 'clear and unmistakable' waiver of an employee's right to sue in a judicial forum under those statutes"); *Smith v. Serv. Employees Int'l Union, Local 521*, No. 16-CV-02547-LHK, 2016 WL 4268713, at *9 (N.D. Cal. Aug. 14, 2016) (holding that "passing mention" in collective bargaining agreement of various specified state and federal laws and agreement to arbitrate claims arising under such laws was insufficient to find waiver of plaintiff's right to a judicial forum).

[2] Confusingly, Davidson also goes on to argue that the CBA "plainly" meets the "clear and unmistakable" standard for waiver of the right to bring statutory claims in court. *See* Reply 5.

6

argue as follows: even if an employee is covered by a CBA that does not waive the right to litigate statutory discrimination claims, the presence of a grievance procedure nonetheless requires the employee to exhaust that procedure before filing a discrimination lawsuit. This position is not supported by the language of the CBA. It also finds no support in the case law, and in fact is contrary to it.

Davidson's argument attempts to draw a distinction between waiver of a judicial forum on the one hand (which Davidson agrees is prohibited if not clear and unmistakable), and exhaustion of a grievance procedure as a prerequisite to filing a lawsuit on the other. No meaningful distinction exists between the two. It is worth noting that in *Wright*, which confirmed that "the right to a federal judicial forum" must be explicitly waived in a CBA, 525 U.S. at 80, the Supreme Court reversed a dismissal that had been granted on the argument that the plaintiff had failed to pursue the CBA's grievance procedure before filing an ADA lawsuit. *See also Collins*, 188 F.3d at 1127 (where a claim brought in federal court "arises from statutory rights, the plaintiff is not required to exhaust agreement remedies[.]" (citations omitted)). Requiring exhaustion of a grievance procedure before bringing a lawsuit would effectively result in a waiver of an employee's right to a judicial forum in many cases. Davidson is well-aware of this consequence, for it took the position in its opening brief that the deadline for Preddy to file a timely grievance pursuant to the CBA has passed.

Finally, Davidson argues that Preddy's claims are not simply statutory discrimination claims but are also claims that the employer violated the CBA itself, and are therefore subject to the exhaustion requirement. *See* Reply 8. In other words, Davidson contends that Preddy's claims are based on her contractual rights under the CBA and are therefore subject to its grievance procedure.

Davidson's argument is not persuasive. Preddy's claims are not claims for breach of the CBA; they are for employment discrimination and retaliation claims under FEHA and CFRA. That a claim based on statutory rights may also present a claim under the CBA is of no import. The Supreme Court has recognized that even though collectively-bargained grievance procedures and federal litigation may address similar factual disputes, contractual rights under a CBA and

7

statutory rights such as those conferred in antidiscrimination statutes are distinct:

> In submitting his grievance to arbitration, an employee seeks to vindicate his contractual right under a collective-bargaining agreement. By contrast, in filing a lawsuit under Title VII, an employee asserts independent statutory rights accorded by Congress. The distinctly separate nature of these contractual and statutory rights is not vitiated merely because both were violated as a result of the same factual occurrence.

*Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 49-50 (1974). Therefore, even if an employee covered by the CBA pursues a grievance about allegedly discriminatory acts, the employee would not be precluded from bringing a lawsuit challenging the same conduct under statutory law. *Id.*; *see also Wright*, 525 U.S. at 75-76; *Collins,* 188 F.3d at 1127 ("exhaustion of remedies provided for in a collective bargaining agreement is not required even where a claim based on statutory rights also presents a claim under the agreement."); *Parks v. Port of Oakland*, No. 16-CV-04061-HSG, 2017 WL 2840704, at *3 (N.D. Cal. July 3, 2017) (denying motion to dismiss Title VII and Equal Pay Act claims that could have been raised as violations of collective bargaining agreement through grievance procedure).[3]

## V. CONCLUSION

For the foregoing reasons, Davidson's motion for judgment on the pleadings is denied.

**IT IS SO ORDERED.**

Dated: July 19, 2019



Donna M. Ryu
United States Magistrate Judge

---

[3] Davidson did not address whether a different analysis applies to Preddy's sixth claim for relief for wrongful termination in violation of public policy. Davidson therefore has waived any argument that the wrongful termination claim should be treated as distinct from Preddy's statutory claims. *See, e.g., Mendez v. Mid-Wilshire Health Care Ctr.*, 220 Cal. App. 4th 534, 547 (2013) (deeming "forfeited" any claim of error regarding denial of motion to arbitrate common law claims along with statutory claims). Even if Davidson hadn't waived an argument that the wrongful termination claim should be dismissed for Preddy's failure to exhaust the grievance procedure as to that claim, such an argument would not be persuasive. The wrongful termination claim, which is based upon the public policy of the State of California as expressed by FEHA, CFRA, and other state law provisions (Compl. ¶ 69), is derivative of the statutory claims and is thus subject to the same analysis set forth above.